By the Court,

Nelson, Ch. J.
The allegation of a conspiracy between the defendants for the purpose and with the intent of committing the wrong complained of in the several counts of the declaration, is of no importance so far as respects the cause and ground of thg; action. A simple conspiracy, however atrocious, unless it resulted in actual damage to the party, never was the subject of a civil action; not even when the old form of a writ of conspiracy, in its limited and most technical character, was in use. Then, indeed, the allegation of a conspiracy was material and substantive, because, unless established by the proof, the plaintiff failed; as it was essential that the verdict should be against two at least in order to be upheld.
The writ of conspiracy, technically speaking, did not lie at common law in any case, except where the conspiracy was to indict the party either of treason or felony, by which his life was in danger, and he had been acquitted of the indictment by verdict. All the other cases of conspiracy in the books were but actions on the case ; and though it was usual to charge the conspiracy in the declaration, the averment was immaterial, and need not be proved. The action could always be brought against one defendant; or, if brought against more, one might be found guilty, and the rest acquitted. (Saville v. Roberts, 1 Ld. Raym. 374; S. C. 12 Mod. 208; 1 Salk. 13; Skinner v. Gunton, 1 Saund. 228; id. 230, note (4), and the cases there cited; Jones v. Baker, 7 Cowen, 445.)
Where the action is brought against two or more as concerned in the wrong done, it is necessary, in order to recover against all of them, to prove a combination or joint act of all. For this purpose, it may be important to establish the allegation of a conspiracy. But if it turn out on the trial that only one was concerned, the plaintiff may still recover, the same as if such one had been sued alone. The conspiracy or combination *108 is nothing so far as sustaining the action goes; the foundation of it being the actual damage done to the party. In Saville v. Roberts, (1 Ld. Raym. 378,) Holt, Ch. J. said: “ An action will not lie for the greatest conspiracy imaginable, if nothing be put in execution ; but if the party be damaged, the action will lie. From whence it follows, that the damage is the ground of the action, which is as great, in the present case, as if there had been a conspiracy.” That was an action against one only, for maliciously procuring the plaintiff to be indicted of a riot, by reason whereof he was subjected to costs and expense in defending himself.
We may therefore lay out of consideration altogether the conspiracy charged against these defendants, in endeavoring to ascertain if any foundation is laid for the action; and regard it the same as if the defendant Hutchins had alone committed the several grievances for which redress is sought. The case would then be substantially this :—The father of the plaintiff devised to him, in due form of law, a farm consisting of one hundred and fifty-one acres of land. The defendant, being aware of the fact, and intending to deprive the plaintiff of the benefit and advantage of the devise, and of his expected estate and interest in the farm, falsely and maliciously represented to the father, that, after his decease, the plaintiff intended to set up a large demand against the estate, which would absorb the greater part of it, and thus deprive the other children of their just share * at the same time defaming and calumniating the character of the-plaintiff in several particulars. By these fraudulent means the defendant prevailed upon the father to revoke and cancel the will, and to make and execute a new one, by which the plaintiff was excluded from all participation in his father’s estate.
This is the substance of the case, in its strongest aspect, as presented by the pleadings; and the question arises whether any actual damage, in contemplation of law, is shown to have been sustained by the plaintiff?
Fraud without damage, or damage without fraud, gives no cause of action; but where both concur, an action lies. Damage, in the sense of the law, may arise out of injuries to the per *109 son or to the property of the party; as any wrongful invasion of either is a violation of his legal rights, which it is the object of the law Jo protect. Thus, for.injuries to his health, liberty and reputation, or to his rights of property, personal or real, the law has furnished the appropriate remedies. The former are violations of the absolute rights of the person, from which damage results as a legal consequence. As to the latter, the party aggrieved must not only establish that the alleged tort or trespass has been committed, but must aver and prove his right or interest in the property or thing affected, before he can be deemed to have sustained damages for which an action will lie.
Now, testing the plaintiff’s declaration by these principles, has he made out a case from which it can be said that damage has resulted to him ? I think not. In respect to the farm devised to him by the first will, he fails to show that he had any such interest in it as the law will recognize. The only fornidaiion of his claim rests upon the mere unexecuted intention of his father to make a gift of the property; and this cannot be said to have conferred a right of any kind. To hold otherwise, and sanction the doctrine contended for by the plaintiff, would be next to saying that every voluntary courtesy was matter of legal obligation; that private thoughts and intentions, concerning benevolent or charitable distributions of property, might be seized upon as the foundation of a right which the law would deal with and protect.
I have not overlooked the cases referred to on the argument, of actions of slander, where special damage must be shewn in order to make the .words actionable; and where the deprivation of any present substantial advantage, even though gratuitous, such as the loss of customers, of a permanent home at a friend’s, or advancement in life, and such like, if the immediate and direct consequence of the words, will sustain the action. (1 Starkie On Slander, 158 to 186, ed. of 1843.) If this description of special damage is to be regarded as the gist and foundation of the action, I rather think the principle should be regarded as peculiar to that species of injury. I am not aware of any class of remedies given for a violation of the rights of *110 property, where so remote and contingent a damage has been "allowed as a substantial ground of action.
But the law applicable to the Cases referred to proceeds upon the ground that the plaintiff, by the wrongful act complained of," has been deprived of the present, actual enjoyment of some pecuniary advantage. No such damage can be pretended here. At best, the contemplated gift was not to be realized till after the death of the testator, which might not happen until after the death of the plaintiff; or the testator might change his mind, or lose his property. ’
In short, the plaintiff had no interest in the property of which he says he has been deprived by the fraudulent interference of the defendant, beyond a mere naked possibility; an interest which might indeed influence his hopes and expectations, but which is altogether too shadowy and evanescent to be dealt with by courts of law.
I am of opinion that the defendant is entitled to judgment.
Ordered accordingly.